UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN HENRY WINTERS,                              No. C 10-2826 SI (pr)

     Petitioner,                              **ORDER TO SHOW CAUSE**

  v.

GREG LEWIS, warden,

     Respondent.
                                         /

## INTRODUCTION

John Henry Winters, an inmate at Pelican Bay State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The petition provides the following information: Winters was convicted in Alameda County Superior Court of assault by means likely to produce great bodily injury, first degree robbery, first degree burglary, receiving stolen property, and unlawful taking of a vehicle. On November 28, 2006, he was sentenced to 21 years and 4 months in state prison. Winters appealed. On appeal, his conviction was affirmed by the California Court of Appeal in 2006. The California Supreme Court denied his petition for review in 2009. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) his right to due process was violated when other crimes evidence was admitted at his trial; (2) the prosecutor committed misconduct during closing argument by improperly commenting on Winters' refusal to testify, highlighting the evidence that the defense failed to present, and attempting to shift the burden of proof; (3) his rights to due process and a jury trial were violated when the court failed to instruct the jury that it had to unanimously agree on which act constituted the burglary. Liberally construed, the claims appear to be cognizable in a federal habeas action.

Petitioner requests that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. The interests of justice do not require appointment of counsel in this action. The issues he raises here were fully briefed on direct appeal by his appointed counsel. The request for appointment of counsel is DENIED.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **February 25, 2011**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 31, 2011**.

5. Petitioner is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Petitioner's request to appoint counsel is DENIED. (Docket # 2.) In light of the denial of the request for appointment of counsel and petitioner's payment of the filing fee, petitioner's in forma pauperis application is DENIED as unnecessary. (Docket # 3.)

IT IS SO ORDERED.

DATED: December 15, 2010

SUSAN ILLSTON
United States District Judge