1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                          NORTHERN DISTRICT OF CALIFORNIA
10
11
12 JOHN HENRY WINTERS,              No. C 10-2826 SI (PR)

13             Petitioner,          **ORDER DENYING PETITION FOR**
                                                **WRIT OF HABEAS CORPUS**

14      v.

15 GREG LEWIS, Warden,

16             Respondent.

17                              /

18                                **INTRODUCTION**

19       This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to

20 28 U.S.C. § 2254.  For the reasons set forth below, the petition is DENIED.

21
22                             **BACKGROUND**

23       In 2006, petitioner, who was tried with a co-defendant, was convicted in an Alameda

24 County Superior Court of assault by force likely to produce great bodily injury, burglary,

25 robbery, receiving stolen property and the unlawful taking of a vehicle.  The crimes were alleged

26 to have been the result of gang activity, and were committed in 2004.  The jury found true

27 various sentencing enhancement allegations, yet found not true all criminal street gang

28

United States District Court
For the Northern District of California

allegations. Petitioner received a sentence of 21 years and 4 months in state prison. As grounds for federal habeas relief, petitioner claims that (1) his right to due process was violated when evidence of a prior conviction was admitted at his trial; (2) the prosecutor committed misconduct during closing argument by improperly commenting on petitioner's refusal to testify; and (3) his rights to due process and a jury trial were violated when the trial court failed to instruct the jury that it had to unanimously agree on which act constituted the burglary.

## STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making

2

United States District Court
For the Northern District of California

the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

## DISCUSSION

### I.      Prior Conviction Evidence

Petitioner claims that the admission of a prior conviction — a 1998 conviction for assault with a deadly weapon, which an expert witness testified was gang-related — violated his right to due process because it constituted impermissible propensity and character evidence.  The trial court admitted the evidence under California Evidence Code section 1101(b) ("Evidence of character to prove conduct") because the conviction was relevant to the truth of the sentencing enhancement allegation that petitioner committed the charged assault for the benefit of a street gang, *see* Cal. Penal Code § 186.22.  The state appellate court rejected petitioner's due process claim because the evidence was relevant for the reasons stated by the trial court.  (Ans., Ex. C4 at 5–6.)

The admission of evidence is not subject to federal habeas review unless a specific constitutional guarantee is violated or the error is of such magnitude that the result is a denial of the fundamentally fair trial guaranteed by due process. *See Henry v. Kernan*, 197 F.3d 1021, 1031 (9th Cir. 1999).  In order to obtain habeas relief on the basis of an evidentiary error, a petitioner must show that the error was one of constitutional dimension and that it was not harmless under *Brecht v. Abrahamson*, 507 U.S. 619 (1993).  He would have to show that the error had "'a substantial and injurious effect' on the verdict." *Dillard v. Roe*, 244 F.3d 758, 767 n.7 (9th Cir. 2001) (quoting *Brecht*, 507 U.S. at 623).  Also, significantly, habeas relief may be granted only if there are no permissible inferences that the jury may draw from the evidence. *See Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991).

Petitioner's claim cannot succeed because no remediable constitutional violation occurred.  The United States Supreme Court has left open the question whether admission of propensity evidence violates due process. *Estelle v. McGuire*, 502 U.S. 62, 75 n. 5 (1991).

United States District Court
For the Northern District of California

Because the Supreme Court has reserved this issue as an "open question," the Ninth Circuit has held that a petitioner's due process right concerning the admission of propensity evidence is not clearly established for purposes of review under AEDPA. *Alberni v. McDaniel*, 458 F.3d 860, 866–67 (9th Cir. 2006). Even if the evidence were irrelevant or prejudicial, the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Additionally, as the jury found the gang allegation untrue, it is reasonable to conclude that the jury rejected the significance of the 1998 conviction evidence, and therefore there was no prejudice.

Furthermore, admission of prior act evidence to show intent, motive, identity, or common plan or scheme, has been found constitutionally permissible. *See*, e.g., *McGuire*, 502 U.S. at 70–72 (intent); *Williams v. Stewart*, 441 F.3d 1030, 1040 (9th Cir. 2006) (identity and intent); *Boyde v. Brown*, 404 F.3d 1159, 1172–73 (9th Cir. 2005) (common plan or scheme); *Windham v. Merkle*, 163 F.3d 1092, 1103–1104 (9th Cir. 1998) (motive). As it was permissible for the jury to infer that petitioner committed the crime for the benefit of a gang, no habeas relief can be granted. *See Jammal*, 926 F.2d at 920. Accordingly, petitioner's claim is DENIED for want of merit.

## II.  Alleged Prosecutorial Misconduct

Petitioner claims that the prosecutor committed misconduct by (1) calling attention to the fact that petitioner did not testify at trial, thereby violating his Fifth Amendment rights as those rights are defined in *Griffin v. California*, 380 U.S. 609 (1965); and (2) making improper comments during rebuttal.

### 1.  Alleged *Griffin* Error

*Griffin* error occurs, and a defendant's privilege against self-incrimination is violated, where a prosecutor on his own initiative asks the jury to draw an adverse inference from a defendant's silence, or to treat the defendant's silence as substantive evidence of guilt. *Griffin*,

380 U.S. at 615.  While it is proper for the prosecution to address the defense arguments, a comment is impermissible if it is manifestly intended to call attention to the defendant's failure to testify, or is of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify.  *See Lincoln v. Sunn*, 807 F.2d 805, 809 (9th Cir. 1987) (citing *United States v. Bagley*, 772 F.2d 482, 494 (9th Cir. 1985).

Petitioner bases his *Griffin* claim on the following.  At trial, petitioner presented evidence of an alibi through the testimony of his grandmother.  She testified that petitioner had lived with her after he had been paroled, that she went to bed at 8:00 pm, and that he lived with her in the summer of 2004.  (Ans., Ex. C4 at 4.)  The prosecutor, in his closing argument,

> after referring to [petitioner]'s grandmother's testimony, that although other adults lived in [petitioner]'s home, and perhaps were awake after 8:00 p.m. on the night in question, no one else was called to say what [petitioner] had been doing later that evening.  After defense objections were overruled, the prosecutor stated that certain people could have been called, 'such as other family members, brothers, sisters, mothers,' and stated, 'that leaves something for you to wonder as well.'

(*Id.* at 7.)  The state appellate court rejected petitioner's *Griffin* claim because the prosecutor's comments "were about the defense failure to call logical third-party witnesses who might shed light on [petitioner]'s whereabouts if he had not stabbed [one of the victims].  They did not refer, expressly or impliedly, to [petitioner's] failure to testify and, therefore, were permissible." (*Id.*)

Petitioner's claim lacks merit.  The state appellate court reasonably determined that no *Griffin* error or prosecutorial misconduct occurred.  First, petitioner presented evidence of an alibi, thereby inviting the prosecutor to respond.  The comments were a challenge to the strength of petitioner's alibi, and therefore were a permissible comment on the evidence.  Having invited the response, petitioner cannot now plausibly argue that the prosecutor's comments were manifestly intended to call attention to his right to remain silent.  Second, the prosecutor limited the possible alibi witnesses to family members, and made no mention of petitioner as one of those witnesses.  In sum, nothing in the comments raises an inference, let alone shows, that the prosecutor was commenting on petitioner's failure to testify.  Accordingly, petitioner's claim is DENIED for want of merit.

United States District Court
For the Northern District of California

### 2.     Other Allegedly Improper Comments

The facts underlying this prosecutorial misconduct claim, as identified by the state appellate court, are as follows:

> The defense had argued that the prosecution and police did not do a lot of things that could have dispelled reasonable doubt, which led to the following exchanges during rebuttal:
>
> > 'PROSECUTOR:  Ms. Kingston was talking about the various things that may not have been done.  No DNA, no fingerprints found, why weren't the items fingerprinted, how about live lineups, police procedures, various things to basically throw you off.  In any investigation, more can always be done.  Our system is an adversarial system.  That means that the People have a lawyer, each of these gentlemen has a lawyer.  If they wanted a live lineup in 2004 —
> >
> > '[Defense counsel] MS. KINGSTON:  Objection, Your Honor. *Doyle*.[1]
> >
> > 'THE COURT:  The jury should disregard the comment. Go on, counsel.
> >
> > 'PROSECUTOR:  If they wanted the items fingerprinted, they could have fingerprinted them.
> >
> > 'MS. KINGSTON:  Objection, Your Honor. *Doyle* error.
> >
> > 'THE COURT:  Come to the bench, please.
> >
> > (Whereupon, the discussion was held off the record.)
> >
> > 'PROSECUTOR:  It's a two-way street, things can be done.
> >
> > 'MS. KINGSTON:  Objection, Your Honor. *Doyle* error.
> >
> > 'THE COURT: J[u]rors should disregard the statement."
>
> Defense counsel then requested that the court cite the prosecutor for misconduct and instruct the jury regarding that misconduct.  She moved for a mistrial, and in the alternative, asked for a five-minute rebuttal, in particular because it was 'not a two-way street.  I don't have those burdens.'  The court found that the prosecutor's 'two-way street' remark had to do with both sides having legal representation, not any defense burden of proof and, regardless, that since the jury had been told to disregard the remarks and would again be instructed on the People's burden of proof, there was no danger of any juror believing the defense had any burden of proof.

---

[1]  *Doyle v. Ohio*, 426 U.S. 610 (1976), prohibits the use of a defendant's post-arrest, post-*Miranda* silence to impeach the defense case.

United States District Court
For the Northern District of California

The next day, the court instructed the jury that 'it is the burden of the People to prove [petitioner] guilty beyond a reasonable doubt as to each element of each crime and offense that's been charged and that burden never shifts to the defense. And so notwithstanding some comments that . . . you may recall have been made during closing arguments . . . the burden does not shift to the defendant to prove anything in this case.'

(Ans., Ex. C4 at 7–8.) (footnote removed).

The state appellate court rejected petitioner's claim that the prosecutor's statements violated his right to due process. The trial court's "quick directives and thorough instruction cured any problem that might have been caused by the prosecutor's brief comments." (*Id.* at 8.)

The state appellate court reasonably determined that no constitutional violation occurred. The prosecutor's comments were brief and were swiftly corrected by the trial court. Also, the trial court later gave further instructions (1) on the prosecution's burden of proof, (2) that the jury was to follow the instructions as the trial court gave them, and (3) to disregard the lawyers' instructions if they conflicted with those given by the court. (*Id.*, Ex. A3 at 1 & 6.) Jurors are presumed to follow their instructions. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987). Petitioner has not overcome this presumption, and there is nothing in the record to indicate that the jurors did not adhere to the trial court's instructions. Accordingly, petitioner's claim is DENIED for want of merit.

### III.   Unanimity Instruction

Petitioner claims that his right to due process was violated when the trial court refused to instruct the jury that it had to unanimously agree on which act constituted the assault.

Petitioner is not entitled to habeas relief on this claim. Due process does not require that the jury agree as to the specific acts that constituted commission of the crimes charged. The Supreme Court has held that "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." *McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackman, J, concurring); *see also Schad v. Arizona*, 501 U.S. 624, 631–32 (1991) (rule that jurors not required to agree upon single means of commission

of crime, citing *McKoy*, applies equally to contention they must agree on one of the alternative means of satisfying mental state element of crime).  Accordingly, the claim is DENIED for want of merit.

## CONCLUSION

The state court's denial of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Accordingly, the petition is DENIED.

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED:  November 1, 2011

_____
SUSAN ILLSTON
United States District Judge